**Ray NOCHTA and Sharon Nochta, Plaintiffs-Appellants,**

v.

**DOANE AGRICULTURAL SERVICE, INC., Defendant-Respondent.**

No. 43573.

Missouri Court of Appeals, Eastern District, Division Three.

June 23, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Everett S. Van Matre, Van Matre & Van Matre, Mexico, for defendant-respondent.

Bradford A. Brett, Brett & Erdel, Mexico, for plaintiffs-appellants.

CLEMENS, Senior Judge.

Plaintiffs contracted to sell their farm. They now seek to recover the prospective buyer's down payment, originally held in escrow by defendant-agent Doane. By its summary judgment the court denied recovery. This, because the sales contract entitled the prospective buyer to have his down payment refunded if he could not get specific funds for the purchase. Plaintiffs appeal.

Plaintiffs had hired defendant Doane to find a buyer. Doane produced Josef Harbich, an Austrian national, and he deposited

$20,000 earnest money with Doane. Plaintiffs and Josef Harbich had executed a sales contract. It was conditioned on permission from the Austrian government to permit the buyer to withdraw $136,700 from his bank account. The sales contract provided: If the buyer cannot get permission to withdraw his fund the sales contract will be void and defendant agent must return the buyer's $20,000 deposit.

That is just what happened. The buyer's bank applied to the Austrian government for permission to pay out his funds. The bank reported to Doane that permission to pay out the Harbich deposit was denied. This, in accordance with the Austrian "foreign bill of exchange law". So, Doane refunded the $20,000 escrow payment to Josef Harbich. The sellers then sued Doane for $20,000.

The trial court granted Doane's motion for summary judgment. It found Josef Harbich had exercised due diligence and was unable to withdraw funds from his Austrian bank account. Accordingly, Doane had been obliged to refund Harbich the $20,000 down payment.

On appeal plaintiffs contend the trial court erred in the summary judgment for Doane. First, because the record shows Josef Harbich applied to his bank to withdraw more funds than needed for his purchase. This is speculative. It is certain Josef Harbich could not obtain the needed funds.

Plaintiffs also contend there were unresolved factual issues. They point to Doane's failure to get plaintiffs' permission to refund the deposit and to its failure to investigate the buyer's request to withdraw his deposit. These too are speculative complaints. They do not refute Doane's clear duty to refund the down payment when the bank denied the buyer's application to withdraw his money.

Last, plaintiffs contend the trial court failed to follow the principle that a summary judgment must be denied when there is doubt of its propriety. We find no such doubt here. The unassailable proof was that Doane had to refund the buyer's $20,-000 deposit if he could not withdraw his funds; government permission to do that was denied; Doane complied with the sales contract and refunded the deposit. The trial court did not err in entering summary judgment for defendant Doane.

Judgment affirmed.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.